UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **R. ALEXANDER ACOSTA,** Secretary of Labor, United States Department of Labor,<br><br>Plaintiff,<br><br>v.<br><br>**MANGANO SEWER AND DRAIN INC.,****JONATHAN MANGANO**, Individually, and **LAUREN MANGANO**, Individually,<br><br>Defendants. | **COMPLAINT**<br><br>Civil Action No. 17-4956 |

## INTRODUCTION

Plaintiff, R. Alexander Acosta, Secretary of Labor, United States Department of Labor (the "Secretary"), alleges as follows:

1. The Secretary, by and through undersigned counsel, brings this action pursuant to the authority granted by section 17 of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq. (the "FLSA"), alleging that Defendants violated sections 7 and 11(a) of the FLSA, 29 U.S.C. § 207, 211(c), to recover back wages and liquidated damages and to enjoin acts and practices which violate the provisions of the FLSA.

2. As set forth below, Defendants failed to compensate employees for all of their overtime hours worked each week by wrongfully deducting an hour each day of break time that employees did not actually take and that did not meet the FLSA's requirements for bona fida break time.

## JURISDICTION AND VENUE

3. Jurisdiction over this action is properly conferred upon this Court by section 17 of

the FLSA, 29 U.S.C. § 217, and 28 U.S.C. §§ 1331 and 1345.

4. Venue is proper in the United States District Court for the Eastern District of New York because a substantial part of the events or omissions giving rise to the claims herein occurred in this District.

**PARTIES**

5. Plaintiff, the Secretary, is vested with authority to file suit to restrain violations of the FLSA and recover back wages and liquidated damages and is the proper plaintiff for this action.

6. Defendant Mangano Sewer and Drain Inc. ("Mangano Sewer") is corporation organized under the laws of the State of New York having its principal office and place of business at 467 Brook Avenue, Unit F, Deer Park, NY 11729, within the jurisdiction of this Court, where it is engaged in the business of sewer and plumbing service.

7. Mangano Sewer has regulated the employment of all persons employed by it, acted directly and indirectly in the company's interest in relation to the employees, and thus is an "employer" of the employees within the meaning of section 3(d) of the FLSA and is a "person" within the meaning of section 3(a) of the FLSA.

8. Defendant Jonathan Mangano is the owner of Mangano Sewer.

9. Jonathan Mangano is in active control and management of Mangano Sewer.

10. Jonathan Mangano supervises the daily operations of Mangano Sewer. Jonathan Mangano has authority to and does hire, fire, supervise, discipline, set the hours and compensation of employees, and otherwise has acted directly and indirectly in the interest of Mangano Sewer in relation to employees during the relevant time period.

11. Jonathan Mangano is, thus, an employer of the employees within the meaning of

section 3(d) of the FLSA.

12. Defendant Lauren Mangano, the wife of defendant Jonathan Mangano, is the chief executive officer of Mangano Sewer

13. Lauren Mangano is in active control and management of Mangano Sewer.

14. Lauren Mangano supervises the daily operations of Mangano Sewer. Lauren Mangano has authority to and does hire, fire, supervise, discipline, set the hours and compensation of employees, and otherwise has acted directly and indirectly in the interest of Mongano Sewer in relation to employees during the relevant time period.

15. Lauren Mangano is, thus, an employer of the employees within the meaning of section 3(d) of the FLSA.

### DEFENDANTS ARE AN ENTERPRISE ENGAGED IN COMMERCE

16. The business activities of Defendants, as described herein, are related and performed through common control for a common business purpose and constitute an enterprise within the meaning of section 3(r) of the FLSA.

17. The enterprise has had an annual gross volume of sales made or business done in an amount not less than $500,000.00 at all relevant times.

18. Mangano Sewer is a full service sewer and plumbing company, and the enterprise has employees handling or working with goods or materials that have been moved in or produced for commerce, such as plumbing and sewer supplies and vehicles. Therefore, the employees are employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of section 3(s)(1)(A) of the FLSA.

### DEFENDANTS' PAY AND RECORDKEEPING PRACTICES

19. At all relevant times, Defendants employed sewer and plumbing service

technicians, helpers, and related employees (collectively, "service technicians").

20. At all relevant times, employees employed as service technicians of Mangano Sewer have often worked in excess of 40 hours per week.

21. At all relevant times, Defendants deducted one hour of time worked each day from employees employed as service technicians.

22. Defendants claimed that this hour of uncompensated time was meant for one 30-minute meal break and two 15-minute rest breaks.

23. Defendants did not pay employees for these so-called break periods each day.

24. However, the employees were not actually permitted to take these breaks.

25. Employees generally did not take a bona fide meal period, as they had to eat while driving from one job assignment to the next.

26. The employees also did not use the 15-minute breaks, which they were not told of their right to take.

27. Even if the employees had taken 15-minute breaks, these rest periods of short duration had to be counted as hours worked under the FLSA and its regulations.

28. Defendants were well-aware of the overtime hours worked by their employees.

29. Defendants were aware that employees could not complete their job duties during their compensated hours, excluding the break times.

30. On multiple occasions, employees complained Defendants of their inability to take breaks and their unpaid overtime hours worked.

31. When employees confronted Defendants about the failure to compensate for unused and improper break times, Defendants refused to change their practices.

32. Defendants did not maintain accurate records of hours worked by employees.

33. Employees clocked in and out daily at the start and end of shifts.

34. Yet, Defendants were able to produce just a few days of time cards, and only for some employees.

## TOLLING OF THE STATUTE OF LIMITATIONS

35. On January 25, 2017, the Secretary served a valid subpoena duces tecum on Defendants, requesting, among other documents, records of hours worked, employee payroll records, tax forms, copies of W-2 forms for employees.

36. The subpoena demand compliance by February 9, 2017, but Defendants did not comply.

37. Therefore, on April 4, 2017, the Secretary filed in this Court a motion to compel respondents to produce documents pursuant to administrative subpoenas duces tecum. Acosta v. Mangano Sewer & Dranc, Inc., *et al.*, Misc. Action No. 1:17-00994-LDH (E.D.N.Y.), [dkt. 1].

38. On May 5, 2017, this Court ordered Defendants here to comply with the Secretary's subpoena, and further ordered "that the running of the applicable statute of limitations is tolled from January 23, 2017 until such time as the Acting Secretary notifies the Court that Respondents have complied with the Subpoena and this Order." [dkt. 7].

39. The Secretary has since informed the court that, that on or about May 26, 2017, Defendants complied with the subpoenas. [dkt. 8].

## FIRST CLAIM FOR RELIEF
### (Failure to Pay Overtime Wages in Violation of the FLSA)

40. The Secretary incorporates by reference and re-alleges the allegations in paragraphs 1 to 39 of the Complaint.

41. Defendants regularly and routinely suffered and permitted their employees to work in excess of 40 hours in a week.

5

42. By paying their employees for an hour each day less than the time that they worked, and refusing to compensate employees for all hours over 40, Defendants have violated the provisions of section 7 of the FLSA.

43. Therefore, Defendants are liable for unpaid overtime compensation owed to their employees under section 7 of the FLSA and an additional equal amount in liquidated damages pursuant to section 16(c) of the FLSA, or, in the event that liquidated damages are not awarded, unpaid overtime compensation and prejudgment interest on said unpaid overtime compensation under section 17 of the FLSA.

### SECOND CLAIM FOR RELIEF
**(Failure to Keep and Preserve Accurate Records in Violation of the FLSA)**

44. The Secretary incorporates by reference and re-alleges the allegations in paragraphs 1 to 39 of the Complaint.

45. Defendants have violated section 11(c) of the FLSA, in that Defendants failed to make, keep, and preserve adequate and accurate records of their employees and of the wages, hours, and other conditions of employment as required by 29 C.F.R. Part 516. More specifically, Defendants failed to keep adequate and accurate records of their employees' daily and weekly hours of work, including daily start and stop times, and overtime hours worked.

46. By engaging in conduct set forth in Paragraphs 1 through 33 above, Defendants have violated and are continuing to violate section 11(c) of the FLSA, 29 U.S.C. § 211(c).

### PRAYER FOR RELIEF

**WHEREFORE**, cause having been shown, the Secretary prays for judgment against Defendants providing the following relief:

1. For an injunction issued pursuant to section 17 of the FLSA permanently restraining Defendants, their officers, agents, servants, employees, and those persons in active

concert or participation with Defendants, from violating the provisions of sections 7 and 11(c) of the FLSA; and

    2.    For an order pursuant to section 16(c) of the FLSA finding Defendants liable for unpaid minimum wage and overtime compensation found due Defendants' employees listed on the attached Exhibit A and an equal amount of liquidated damages (additional minimum wage and overtime compensation and liquidated damages may be owed to certain employees presently unknown to the Secretary for the period covered by this Complaint); or

    3.    In the event that liquidated damages are not awarded, for an injunction issued pursuant to section 17 of the FLSA restraining Defendants, their officers, agents, employees, and those persons in active concert or participation with Defendants, from withholding the amount of unpaid minimum wage and overtime compensation found due Defendants' employees and prejudgment interest computed at the underpayment rate established by the Secretary of Treasury pursuant to 26 U.S.C. § 6621;

    4.    For an order awarding the Secretary the costs of this action; and

    5.    For an order granting such other and further relief as may be necessary and appropriate.

DATED:     August 22, 2017
           New York, New York

                                           NICHOLAS C. GEALE
                                           Acting Solicitor of Labor

                                           JEFFREY S. ROGOFF
                                           Regional Solicitor

                                           /s/
                                           MICHAEL R HARTMAN
                                           Senior Trial Attorney

                                           U.S. Department of Labor,
                                           *Attorneys for Secretary of Labor*

                                           U.S. Department of Labor
                                           Office of the Regional Solicitor
                                           201 Varick Street, Room 983
                                           New York, NY 10014
                                           (646) 264-3686
                                           (646) 264-3660 (fax)
                                           hartman.michael@dol.gov
                                           NY-SOL-ECF@dol.gov
                                           Secretary of Labor, Plaintiff

# EXHIBIT A

Alves, David Lee
Barton, Edward
Brioso, Fernando
Casabona, Robert
Castro, Anthony
Clemens, Jeffrey
Colletti, Bernard
Desimone, Joseph
Donato, Frances
Fenn, Joseph
Innis, Clinton
Koerner, Timothy
Krach, Kenneth
Lap, James Jr.
Lapera, Frank
Lessa, Nicholas
Lombardo, Nicholas
Luigini, Massimo
Olivera, Jonathan
Olivieri, Michael
Papendick, Zachary
Ranzic, Frank
Reis, Alex Sr.
Reis, Alex J.
Rogers, John
Rooney, Herbert
Saez, Lucas
Salentino, Michael
Santangelo, Marc
Silva, Jason
Sindoni, Albert Jr.
Smith, Michael
Spector, Samuel
Sumner, Sid
Trupia, Nicholas
Wannen, Charles
Welsh, Brian
Wickham, Cody
Zuleta, Alejandro