February 23, 2018

**VIA CM/ECF**

Magistrate Judge Arlene R. Lindsay
Long Island Federal Courthouse
814 Federal Plaza
Central Islip, New York 11722-4451

RE: <u>Acosta v. Mangano Sewer & Drain, Inc. et al.</u>, 17-cv-4956-JS-ARL (E.D.N.Y.)

  Plaintiff, R. Alexander Acosta, Secretary of Labor, United States Department of Labor (the "Secretary") and defendants (Mangano Sewer and Drain Inc., Jonathan Mangano, and Lauren Mangano (collectively, the "Manganos") respectfully request that Court's FLSA Initial Discovery and Mediation Referral Order [dkt. 15] (the "Scheduling Order") be amended to reflect the specific procedural posture and facts of this case. This is an enforcement action brought by the Secretary as plaintiff and no individual employee is a party to the suit. The Secretary brings this action to recover back wages and liquidated damages and to enjoin acts and practices which violate the provisions of the FLSA.

  As the Scheduling Order acknowledges, "The Federal Rules of Civil Procedure require a pretrial schedule tailored to the circumstances of each case." Scheduling Order at 1. However, the Scheduling Order appears to be tailored to the typical, private FLSA suit, where plaintiffs worked for defendants. For example, defendants are required, by the Scheduling Order, to produce certain records "that pertain to work the Plaintiff performed during the period for which the Plaintiff claims unpaid wages," Scheduling Order at 1, and the plaintiff is asked to answer and verify interrogatories such as, "During what period of time did you work for the Defendant?" <u>Id.</u> at 4. This case, however, is different from that typical private suit.

  As discussed in the Secretary's complaint [dkt. 1], the Secretary is vested with authority to file suit to restrain violations of the FLSA and recover back wages and liquidated damages and

is the proper plaintiff for this action. However, the Secretary did not work for Defendants, and the Secretary's lawyers do not represent the affected workers.

Because the form of the Scheduling Order does not fit this case, the parties respectfully request certain modifications, as stated below and reflected in the attached proposed order:

The parties respectfully request that the scope of Defendants' disclosure obligations in paragraph 1 be amended, although they disagree as to the precise scope of the amended disclosures. The parties agree with the Court that Defendants should produce any written statement of policy, workplace rules, or handbook setting out the policies and practices on compensating sewer and plumbing workers. The Secretary requests, further, that Defendants should produce the time sheets or other time records and payroll records in the Defendants' possession, custody, or control that pertain to work that sewer and plumbing service technicians, helpers, and related employees performed during the period April 21, 2015 to present, which is the universe of employees covered by the Secretary's complaint. Defendants respond that this disclosure obligation should be limited to the employees identified in Exhibit A of the Secretary's complaint. A proposed order reflecting these two alternative positions follows.

The parties further request that interrogatories requirement of paragraph 4 should be lifted and, instead, the Secretary's shall provide its back wage computations to Defendants statements of, setting out, to the best of the Secretary's knowledge, (1) during what period each affected employee worked for the Defendants; (2) what each affected employee's regular rate of pay was; and (3) back wage computations for each employee. At the same time, the parties shall each share the name and, if known, the address and telephone number of each individual likely to have discoverable information -- along with the subjects of that information -- that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment.

Because the Secretary brings this action on behalf of unaffiliated employees, such disclosures by Defendants may be necessary to secure a just, speedy, and inexpensive determination of this action.

In view of the proposed changes to the scope of the Scheduling Order and of undersigned counsels' schedules, the parties request that the deadline for the disclosure obligations in paragraphs 1 and 4 be extended to March 28, 2018. The parties further request that the parties be permitted to propound additional requests for production, interrogatories, and depositions, as provided by the Federal Rules of Civil Procedure; however, all response dates for discovery and deposition requests shall remain stayed, except as specifically provided in the Court's Order, until completion of mediation.

Respectfully submitted,

/s Michael R. Hartman  
MICHAEL R. HARTMAN  
U.S. Department of Labor  
*Attorney for Secretary of Labor*

/s Kyle Pulis  
KYLE PULIS  
Scott Michael Mishkin PC  
*Attorney for Secretary of Labor*

4

## CERTIFICATE OF SERVICE

    I, Michael R. Hartman, assert that, on February 23, 2018, all parties were served with this letter motion via the Court's CM/ECF system.

                                            /s Michael R. Hartman
                                            MICHAEL R. HARTMAN