UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| R. ALEXANDER ACOSTA, Secretary of Labor, United States Department of Labor,<br><br>    Plaintiff,<br><br>    v.<br><br>MANGANO SEWER AND DRAIN INC., JONATHAN MANGANO, Individually, and LAUREN MANGANO, Individually,<br><br>    Defendants. | [PROPOSED] AMENDED FLSA INITIAL DISCOVERY AND MEDIATION REFERRAL ORDER<br><br>Civil Action No. 17-4956 |

    The Federal Rules of Civil Procedure require a pretrial schedule tailored to the circumstances of each case. Fed. R. Civ. P. 16. The following order, which replaces the prior FLSA Intial Discovery and Mediation Referral Order [dkt. 15]**,** implements that requirement for this case, which is brought pursuant to sections 16(c) and 17 of the Fair Labor Standards Act (FLSA).

    The Rule 26(a)(1) provisions on initial disclosures are waived in this case. Instead, the parties must utilize the following discovery protocol and comply with the following deadlines and requirements:

        1. On or before **March 28, 2018**, the parties must serve on each other (but not file) copies of the following:

            <u>Plaintiff</u>: The documents in the Plaintiff's possession, custody, or control that pertain to the unpaid wages claimed in the Complaint.

PLAINTIFF PROPOSES THE FOLLOWING:

            <u>Defendants</u>: (1) The time sheets or other time records and payroll records in the Defendants' possession, custody, or control that pertain to work all sewer and plumbing service technicians, helpers, and related employees performed during the period from April 21, 2015 to present; and (2) any

>>written statement of policy, workplace rules, or handbook setting out the policies and practices on compensating workers performing the sewer and plumbing work.

DEFENDANTS, ALTERNATIVELY, PROPOSE THE FOLLOWING:

>>Defendants: (1) The time sheets or other time records and payroll records in the Defendants' possession, custody, or control that pertain to the employees identified in Exhibit A; and (2) any written statement of policy, workplace rules, or handbook setting out the policies and practices on compensating workers performing the sewer and plumbing work.

>>\*              \*              \*

>2. On or before **March 28, 2018**, the Plaintiff must provide its back wage computations to Defendants, setting out, to the best of Plaintiff's knowledge, (1) During what period each affected employee worked for the Defendants; (2) What each affected employee's regular rate of pay was; and (3) Back wage computations for each employee. The parties shall each share the name and, if known, the address and telephone number of each individual likely to have discoverable information -- along with the subjects of that information -- that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment.

>3. By **April 16, 2018**, counsel for the Plaintiff and the Defendants must meet and confer, in person, in a good-faith effort to settle all pending issues, including attorneys' fees and costs. The parties, including a representative of each corporate party with full authority, will at a minimum, be available by telephone during the conference to consider and approve any settlement.

>4. On or before **April 23, 2018**, counsel must file a joint status report that notifies the Court: (1) whether the parties have reached an agreement to settle the case and will be submitting that agreement to the Court for review and approval; or (2) if they were unable to settle the matter on their own, whether they choose to participate in a formal mediation before an EDNY mediator or a private mediator. All parties must participate in mediation if they have been unable to settle the case on their own. If the parties choose to use a private mediator, they must also provide a specific date for the mediation.

>5. On or before **June 6, 2018**, the Plaintiff must provide the Defendants with a copy of any expert report on which the Plaintiff intends to rely for issues on which the Plaintiff has the burden of

proof, consistent with Rule 26(a)(2), of the Federal Rules of Civil Procedure.

6. Upon completion of the mediation, counsel must file a Report Regarding Mediation and indicate whether (1) the parties have reached an agreement in principle to settle the case and will be submitting that agreement to the Court for review and approval; or whether (2) the parties request a settlement conference before the United States Magistrate Judge who, on the parties' consent, will have the authority to approve the settlement as a "fair and reasonable resolution of a bona fide dispute" over FLSA issues, without additional filings; or (3) the parties agree they have exhausted settlement efforts, in which case the Court will issue a discovery schedule.

The parties may propound additional requests for production, interrogatories, and depositions, as provided by the Federal Rules of Civil Procedure. However, all response dates for discovery and deposition requests in this case are stayed, except as provided in this Order, until completion of mediation. Due to the volume of cases based on the FLSA, the Court expects strict adherence to these deadlines and requirements. Exceptions will be granted only for compelling reasons. Failure to comply is a violation of a court order and sanctionable on that basis. The parties may move to alter this schedule for good cause. Any such request shall only be made after the parties confer and shall be made by joint letter request filed via this Court's ECF system.

Dated: Central Islip, New York                SO ORDERED:

                                              _____
                                              ARLENE R. LINDSAY
                                              United States Magistrate Judge