UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| R. ALEXANDER ACOSTA, Secretary of Labor, United States Department of Labor,<br><br>Plaintiff,<br><br>v.<br><br>MANGANO SEWER AND DRAIN INC., MANGANO ENTERPRISES LLC, JONATHAN MANGANO, Individually, and LAUREN MANGANO, Individually,<br><br>Defendants. | **PROPOSED CONSENT JUDGMENT**<br><br>Civil Action No. 17-4956-JS-ARL |

Plaintiff, R. Alexander Acosta, Secretary of Labor, United States Department of Labor ("Secretary"), has filed his First Amended Complaint and defendants Mangano Sewer and Drain Inc.; Mangano Enterprises LLC; Jonathan Mangano, individually; and Lauren Mangano, individually (collectively, "Defendants") have appeared by counsel and agree to the entry of this Consent Judgment in full settlement of the claims which have been made or asserted in this action. Defendants acknowledge their responsibilities pursuant to this Consent Judgment, and acknowledge that they will be subject to sanctions in contempt of this Court if they fail to comply with the provisions of this Consent Judgment.

1. The Secretary's First Amended Complaint alleges that Defendants violated sections 7, 11(c), and 15(a)(2), 15(a)(3), and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. § 201, et seq.) (the "Act" or "FLSA") by failing to pay their employees overtime wages; failing to make, keep, and preserve adequate and accurate records; and retaliating against employees engaged in protected activities.

2. Defendants submit to the jurisdiction of this Court over them and over the subject matter of this action. Defendants admit that this Court has the authority to enter and enforce this Consent Judgment and that this Court is the most appropriate venue for any enforcement action that may be required as a result of this Consent Judgment.

3. Defendants neither admit nor deny the remaining allegations in the Secretary's First Amended Complaint, and this agreement to settle the case is not to be deemed or considered an admission or denial of wrongdoing by Defendants.

It is, therefore, upon motion of the attorneys for the Secretary and for good cause shown, ORDERED that:

I. Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with them be and hereby are, permanently enjoined and restrained from violating the provisions of sections 6. 7, 11(c), 15(a)(2), 15(a)(3), and 15(a)(5) of the Act in any of the following manners:

(1) Defendants shall not, contrary to section 7 of the Act, employ any of their employees for workweeks longer than the hours now, or which in the future become, applicable under sections 7 and 15(a)(2) of the Act, unless the employees receive compensation for their employment in excess of the prescribed hours at rates not less than one and one-half times the employees' regular rates.

(2) Defendants shall make, keep, and preserve adequate records of their employees and of the wages, hours, and other conditions and practices of employment. Defendants shall make available to authorized agents of the Secretary for inspection, transcription, and/or copying, upon their demand for such access, such records of employees and of the wages, hours, and other conditions and practices of employment, as

prescribed by regulations issued pursuant to sections 11(c) and 15(a)(5) of the Act and found at 29 C.F.R. Part 516. The records shall include an aggregate of total hours worked for each employee if hours are split between payrolls.

(3) Defendants shall not discharge, blacklist, demote, suspend, threaten, harass, intimidate, or in any other manner discriminate or retaliate against an employee, including soliciting the repayment of compensation paid to an employee pursuant to this Judgment, because the employee engages in or is believed to have engaged in any of the following activities:

a. Discloses, protests, or threatens to disclose or protest, to a supervisor or to a public agency, any activity, policy or practice of the employer or another employer, with whom there is a business relationship, that the employee reasonably believes is in violation of the Act or a rule or regulation promulgated pursuant to the Act;

b. Provides information to, or testifies before, any public agency or entity conducting an investigation, hearing or inquiry into any alleged violation of the Act or a rule or regulation promulgated pursuant to the Act, by the employer or another employer with whom there is a business relationship; or

c. Objects to, or refuses to participate in any activity, policy or practice which the employee reasonably believes is in violation of the Act or a rule or regulation promulgated pursuant to the Act.

II. Further, the Court noting that overtime compensation shall be paid to the current and former employees listed on Exhibit A, which is attached hereto, in the amount of $41,125.00

plus an equal amount of liquidated damages of $41,125.00 for a grand total amount ("Total Amount Due") of $82,250.00, plus post-judgment interest it is:

(1) ORDERED that Defendants are enjoined and restrained from withholding the payment of a total of $41,125.00 in back wages owed to their current and former employees in the amounts listed on Exhibit A.

(2) It is further ORDERED that Defendants shall pay $41,125.00 in liquidated damages due to current and former employees in the amounts listed in Exhibit A.

III. The provisions of this Consent Judgment relative to back wages and liquidated damages shall be deemed satisfied when Defendants fully comply with the terms of payment set forth below. Payments of back wages and liquidated damages, plus post-judgment interest, as calculated, per Public Law 95-147, 91 Stat. 1227 (October 28, 1977), at the rate of 1% per annum, will be made in installments in accordance with the amounts and due dates set forth in Exhibit B, either electronically on www.pay.gov as set forth in Paragraph III(1) below or by cashier or certified checks as set forth in Paragraph III(2) below.

(1) For electronic payments in accordance with the amounts and due dates set forth in Exhibit B, visit www.pay.gov and perform the following:

    a. Open the "Find an Agency" tab and click on "L" and then "Labor (DOL): Wage and Hour Division (WHD)."

    b. To pay back wages and liquidated damages, click on the "Continue to Form" tab under "WHD Back Wage Payment Form -Northeast Region."

        i. Select "Continue to Form" and complete the required fields.

        ii. The "BW Case Number" is Case No. 1808667.

4

    iii. The "Date of Assessment" is the date of the Order.

(2) For payment by cashier or certified checks in accordance with the amounts and due dates set forth in Exhibit B:

  a. All installment payment(s) shall be in separate cashier or certified checks made payable to "Wage and Hour Division - Labor" with "Case No. 1808667" written on the face of each check, and with "Back Wages" written on the face of each check designated as back wages, and "Liquidated Damages" written on the face of each check designated as liquidated damages in accord with the designated payments required by Exhibit B.

  b. Defendants shall send all checks to:

> United States Department of Labor – Wage & Hour Division
> The Curtis Center, Suite 850 West
> 170 S. Independence Mall West
> Philadelphia, PA 19106-3317
> Attn: Linda Estacio

  c. Defendants shall send a copy of each payment and cover letter to:

> Elaine Guzzo, Assistant District Director
> U.S. Department of Labor – Wage and Hour Division
> Long Island District Office
> 1400 Old Country Rd., Suite 410
> Westbury, NY 11590

IV. The Secretary shall distribute Defendants' payment less any legal deductions to the former and current employees, or to their estates, as set forth in Exhibit A. Any amounts of unpaid compensation and liquidated damages not distributed within a period of three years from the date of receipt shall, pursuant to section 16(c) of the Act, be covered into the Treasury of the United States as miscellaneous receipts. Defendants remain responsible for paying the employers' share of any applicable taxes to the appropriate state and federal revenue authorities.

V.  Defendants shall provide to the Secretary the social security number, if such is available, and the last known addresses of each former or current employee listed in Exhibit A within 20 days of the date of execution of this Consent Judgment.

VI.  ORDERED that neither Defendants nor any one acting on their behalf shall directly or indirectly solicit or accept the return or refusal of any sums paid under this Consent Judgment.

VII.  With respect to the payments shown in Exhibit B, a seven (7) calendar-day grace period shall be allowed for receipt of each payment. In the event that the Secretary does not receive the payment by the eighth calendar day after which it is due, the Secretary's representatives will notify Defendants through their attorney, Kyle T. Pulis, by fax at 631-234-5048.

VIII.  Defendants are responsible for timely notifying the Secretary of any change in the identity or contact information of their attorney. If the Secretary does not receive payment within ten days of notifying Defendants' attorney of the overdue payment, then, upon notice to Defendants, the Court will appoint a Receiver and post-judgment interest will be applied to the amount past due. No action or non-action by the Secretary shall constitute a waiver of this paragraph.

IX.  In the event a Receiver is appointed, it is ORDERED that:

(1) Defendants shall produce to the court-appointed Receiver all books and records and any other information the Receiver requires to carry out the provisions of this Consent Judgment. In addition, Defendants shall submit to an accounting by an independent certified public accountant and/or the Receiver, and shall testify, if the accountant or Receiver so decides.

(2) All the expenses of the accountant or Receiver shall be borne solely by Defendants.

(3) The Receiver shall serve until the payment of the monetary terms of this Consent Judgment is satisfied.

(4) The Receiver shall have full authority to: collect Defendants' assets and report his/her findings to the Court and the parties; to redeem and/or liquidate Defendants' assets and turn over the proceeds to the Secretary; if the asset is a debt that is due, collect it and turn over the proceeds to the Secretary; to analyze all indebtedness and where deemed appropriate seek restructuring; to analyze all transfers of Defendants' assets; to prevent waste or fraud; and to do all acts and take all measures necessary or proper for the efficient performance of the duties under their judgment.

X. This Consent Judgment shall cover all claims made in the Secretary's First Amended Complaint, for those current and former employees identified in Exhibit A attached hereto, through August 7, 2018. However, neither the commencement of this action nor the provisions of this Consent Judgment shall in any way affect, determine, or prejudice any and all legal rights of any employees of Defendants not listed in Exhibit A of this Consent Judgment, be they current or former employees, to file any action against Defendants under section 16(b) of the Act or likewise for any current or former employee listed on Exhibit A of this Consent Judgment to file any action against Defendants under section 16(b) of the Act for any violations alleged to have occurred on or after August 7, 2018.

XI. Each party will bear its own fees and other expenses incurred by such party in connection with any stage of this proceeding.

DATED: 9/25/2018
Central Islip, New York

SO ORDERED:



ARLENE R. LINDSAY
UNITED STATES MAGISTRTE JUDGE

Defendants have appeared by the undersigned counsel and hereby consent to the entry of this Judgment.

MANGANO SEWER AND DRAIN INC.
BY: _____

MANGANO ENTERPRISES LLC
BY: _____

_____
JONATHAN MANGANO, Individually

_____
LAUREN MANGANO, Individually

_____
Kyle T. Pulis, Esq.
Scott Michael Mishkin, P.C.
One Suffolk Square
Suite 240
Islandia, NY 11749
*Attorney for Defendants*

8

STATE OF New York )
:SS:
COUNTY OF Suffolk )

On the 6th day of Sept, 2018 before me came John Mangano, to me known, who, being by me duly sworn, did depose and say that he is a duly authorized representative of MANGANO SEWER AND DRAIN INC., described in and which executed the foregoing instrument, that he signed his name thereto by like order.

NOTARY PUBLIC

KATHLEEN A TIRELLI
Notary Public, State of New York
No. 02TI6306722
Qualified in Suffolk County
Commission Expires June 23, 2022

STATE OF New York )
:SS:
COUNTY OF Suffolk )

On the 6th day of Sept., 2018 before me came MANGANO ENTERPRISES LLC, to me known and known to me to be the individual described in and who executed the foregoing instrument and he duly acknowledged to me that he executed the same.

```
KATHLEEN A TIRELLI
Notary Public, State of New York
No. 02TI6306722
Qualified in Suffolk County
Commission Expires June 23, 2022
```

NOTARY PUBLIC

10

STATE OF New York )
:SS:
COUNTY OF Suffolk )

On the 6th day of Sept, 2018 before me came JONATHAN MANGANO, to me known and known to me to be the individual described in and who executed the foregoing instrument and he duly acknowledged to me that he executed the same.

KATHLEEN A TIRELLI
Notary Public, State of New York
No. 02TI6306722
Qualified in Suffolk County
Commission Expires June 23, 2022

_____
NOTARY PUBLIC

STATE OF New York )
                        :SS:
COUNTY OF Suffolk )

On the 6th day of Sept, 2018 before me came LAUREN MANGANO, to me known and known to me to be the individual described in and who executed the foregoing instrument and he duly acknowledged to me that he executed the same.

KATHLEEN A TIRELLI
Notary Public, State of New York
No. 02TI6306722
Qualified in Suffolk County
Commission Expires June 23, 2022

NOTARY PUBLIC

12

## EXHIBIT A

| Name | Back Wages | Liquidated Damages | Total |
|---|---|---|---|
| David Lee Alves | $614.23 | $614.23 | $1,228.46 |
| Edward Barton | $116.34 | $116.34 | $232.68 |
| Fernando Brioso | $691.04 | $691.04 | $1,382.08 |
| Robert Casabona | $558.42 | $558.42 | $1,116.84 |
| Anthony Castro | $55.84 | $55.84 | $111.68 |
| Jeffrey Clemens | $9,609.41 | $9,609.41 | $19,218.82 |
| Bernard Colletti | $7,873.66 | $7,873.66 | $15,747.32 |
| Joseph Desimone | $349.01 | $349.01 | $698.02 |
| Frances Donato | $162.87 | $162.87 | $325.74 |
| Joseph Fenn | $698.02 | $698.02 | $1,396.04 |
| Clinton Innis | $418.81 | $418.81 | $837.62 |
| Kenneth Krach | $1,005.15 | $1,005.15 | $2,010.30 |
| Frank Lapera | $60.50 | $60.50 | $121.00 |
| James Lapp Jr. | $74.46 | $74.46 | $148.92 |
| Nicholas Lessa | $1,759.01 | $1,759.01 | $3,518.02 |
| Nicholas Lombardo | $502.57 | $502.57 | $1,005.14 |
| Massimo Luigini | $102.38 | $102.38 | $204.76 |
| Jonathan Olivera | $223.37 | $223.37 | $446.74 |
| Michael Olivieri | $176.83 | $176.83 | $353.66 |
| Zachary Papendick | $502.57 | $502.57 | $1,005.14 |
| Frank Ranzie | $223.37 | $223.37 | $446.74 |
| Alex Reis | $7,361.78 | $7,361.78 | $14,723.56 |
| John Rogers | $3,518.02 | $3,518.02 | $7,036.04 |
| Herbert Rooney | $186.14 | $186.14 | $372.28 |
| Lucas Saez | $335.05 | $335.05 | $670.10 |
| Michael Salentino | $558.42 | $558.42 | $1116.84 |
| Marc Santangelo | $83.76 | $83.76 | $167.52 |
| Jason Silva | $251.29 | $251.29 | $502.58 |
| Albert Sindoni | $474.01 | $474.01 | $948.02 |
| Samuel Spector | $111.68 | $111.68 | $223.36 |
| Sidiki Sumner | $1,759.01 | $1,759.01 | $3,518.02 |
| Nicholas Trupia | $102.38 | $102.38 | $204.76 |
| Charles Wannen | $265.25 | $265.25 | $530.50 |
| Brian Welsh | $251.29 | $251.29 | $502.58 |
| Cody Wickham | $130.30 | $130.30 | $260.60 |
| Alejandro Zuleta | $83.76 | $83.76 | $167.52 |

**EXHIBIT B**

| Payment No. | Due Date | Liquidated Damages | Back Wages | Interest | Total Due |
|---|---|---|---|---|---|
| Down payment | Within 30 days of judgment | $16,500.00 | $0.00 | $0.00 | $16,500.00 |
| 1 | 10/9/2018 | $10,977.11 | $0.00 | $55.00 | $11,032.11 |
| 2 | 11/9/2018 | $10,986.26 | $0.00 | $45.85 | $11,032.11 |
| 3 | 12/9/2018 | $2,786.63 | $8,208.78 | $36.70 | $11,032.11 |
| 4 | 1/9/2019 | $0.00 | $11,004.58 | $27.53 | $11,032.11 |
| 5 | 2/9/2019 | $0.00 | $11,013.75 | $18.36 | $11,032.11 |
| 6 | 3/9/2019 | $0.00 | $11,022.89 | $9.19 | $11,032.08 |
| Total | | $41,250.00 | $41,250.00 | $192.63 | $82,692.63 |

14